IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZORM 2009, LLC, | : | 3:15cv35 |
|    **Plaintiff** | : | |
| | : | (Judge Munley) |
|  v. | : | |
| | : | |
| JONATHAN GREENWALD, | : | |
|    **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

| | |
|---|---|
| ZORM 2009, LLC, | : |
|    **Plaintiff** | : |
| | : |
|  v. | : |
| | : |
| JONATHAN GREENWALD and | : |
| ROBERT MAYNARD, | : |
|    **Defendants** | : |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Plaintiff Zorm 2009, LLC's (hereinafter "Zorm") motion to dismiss Defendant Robert Maynard's counterclaim for failure to state a claim upon which relief can be granted. The matter has been fully briefed and is ripe for disposition.[1]

**Background**

Oritani bank extended a loan to HACAG, LLC (hereinafter "the

---

[1] Motions for summary judgment are also pending in the instant case. They will be addressed by further memorandum/order of court.

borrower") in the original amount of $ 1,920,000.00 on April 28, 2008. (Doc. 1, Compl. ¶ 6).[2]  The loan is to be repaid in accordance with a mortgage note of the same date.  (Id.)  The loan is secured by a mortgage and security agreement relating to real property in Hazleton Pennsylvania. (Id. ¶ 7.)

Defendants Jonathan Greenwald and Robert Maynard executed a guaranty, thus becoming unlimited and unconditional sureties for all obligations, indebtedness and liabilities of the borrower to Oritani Bank under the note.   (Id. ¶ 8).  The defendants are jointly and severally liable for all amounts owing to plaintiff by borrower under the note.  (Id. ¶ 20).

The borrower defaulted on the note and mortgage by failing to make payments that became due on November 1, 2012, December 1, 2012 and January 1, 2013.  (Id. ¶ 9).  Subsequent to the default, Oritani Bank, Plaintiff Zorm, defendants and several others, entered into a Settlement Agreement.  (Id. ¶ 11).  The agreement entitles plaintiff to confess judgment for any amount due and owing on the loan on the date twelve months after the effective date of the agreement (Id. ¶ 12).  The agreement

---

[2]This case is the consolidation of two case, 3:15cv35 and 3:15cv67. The document numbers in our citations refer to the documents filed in 3:15cv67 unless otherwise noted.

also assigned the note, mortgage and guaranty to plaintiff from Oritani Bank.  (Id. 13).

The borrower transferred the Hazleton property to plaintiff by "deed in lieu of foreclosure".  (Id. ¶ 16).  Plaintiff alleges that the property's value is $1,749,000.00.  (Id. ¶ 17).  The amount due on the note is $2,707,539.64.  (Id. ¶ 19).  When the value of the property is subtracted out the total amount still owed is $958,539.64.  (Id.)

Plaintiff alleges that defendants have failed and/or refused to make the payments under the guaranty and settlement agreement.  (Id. ¶ 21).  Plaintiff thus instituted the instant confession of judgment action seeking $958,539.64 plus continuing interest at $500.81 per day, costs of suit and attorney's fees.  In response to the complaint, Defendant Robert Maynard (hereinafter "defendant" or "Maynard") filed an answer, counterclaim and crossclaim.  (Doc . 20).

Defendant's counterclaim alleges that plaintiff violated the terms of the settlement agreement.  The settlement agreement called on the parties to agree on an appraiser within thirty days to appraise the property. (Id. ¶ 2).  Plaintiff did not agree on an appraiser, but rather unilaterally chose one.  (Id. ¶ 5).  The appraisal indicates that the property has a

3

"market value as is" of $2,085,000 and a "prospective market value upon stabilization of $2,310,000. (Id. ¶ 7). The settlement agreement requires plaintiff to provide defendant with a credit in the amount of the fair market value of the property. (Id. ¶ 9). Plaintiff never provided defendant with a copy of the appraisal. (Id. ¶ 8). The confession of judgment complaint that plaintiff filed provides a credit of $1,749,000 despite the higher appraisal of the property. (Id. ¶ 10).

The defendant's counterclaim alleges that plaintiff violated the settlement agreement, that is breached a contract, with regard to the appraisal and then committed an intentional misrepresentation/fraud in the complaint by misstating the appraised value of the property. (Id. ¶ 12). Defendant's counterclaim alleges that plaintiff's actions also violate the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 PA. STAT. § 201-1, *et seq.* Plaintiff now moves to dismiss the counterclaim pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332. The parties have diverse citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332 ("The district courts

4

shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"). As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal standard**

This case is before the court pursuant to plaintiff/counterclaim defendants' motion to dismiss for failure to state a claim upon which relief can be granted filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff (in this case, the defendant/counterclaim plaintiff) to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each

necessary element of the claims alleged in the complaint.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

**Discussion**

Defendant's counterclaim asserts an Unfair Trade Practices and Consumer Protection Law (hereinafter "UTPCPL") violation, a breach of contract, and intentional misrepresentation/intentional concealment.  Plaintiff seeks the dismissal of all these claims.  We will address them separately.

**I.  Unfair Trade Practices and Consumer Protection Law**

Plaintiff first challenges the counterclaim with regard to UTPCPL. Plaintiff points out that the UTPCPL applies only when a party demonstrates the following conditions, he: 1) purchased or leased goods or services primarily for a personal, family, or household purpose; 2) suffered an ascertainable loss of money or property; and 3) the loss occurred as a result of the use or employment by a person of a method, act, or practice declared unlawful by the UTPCPL.  73 PA. STAT. § 201-

9.2(a).

Here, plaintiff claims that loan at issue was for commercial purposes, and thus the UTPCPL does not apply. We agree. Defendant evidently concedes this point as he does not address it in his brief, and the law appears clear on the issue. Id.; Valley Forge Towers S. Condo. v. Ron-Ike Foam Insulators, Inc., 574 A.2d 641, 645 (Pa. Super. Ct. 1990). Thus, we will grant the motion to dismiss the UTPCPL portion of the defendant's counterclaim.

**II. Breach of contract**

Next, plaintiff challenges defendant's counterclaim with regard to the breach of contract claim. Defendant argues that the counterclaim sufficiently alleges a breach of contract. After a careful review, we agree.

The elements of a breach of contract action are as follows:

1) the existence of a contract;

2) a breach of a duty imposed by the contract; and

3) resultant damages.

CoreStates Bank, N.A. v. Cutillo, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).

In the instant case, as set forth above, defendant has pled the

existence of a contract, the settlement agreement. Further, defendant alleges that plaintiff breached a duty imposed by the contract in not complying with the terms of the agreement dealing with the appraisal and by failing to credit defendant with the fair market value of the property. Accordingly, when plaintiff confessed judgment against the defendant, defendant asserts he was damaged because the amount of the judgment is much greater than it should have been. As defendant has averred all the elements of a breach of contract, the motion to dismiss the breach of contract claim will be denied.

### III. Intentional Misrepresentation and/or Intentional Non-Disclosure

Lastly, plaintiff challenges defendant's claim of intentional misrepresentation/fraud/non-disclosure. We find that this portion of plaintiff's claim should be denied.

The elements of a claim for intentional misrepresentation/fraud are:

(1) a representation

(2) which is material to the transaction at hand

(3) made falsely

(4) with the intent to mislead another into relying on it;

(5) justifiable reliance on the misrepresentation; and

(6) resulting injury proximately caused by the reliance.

Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994).

The tort of "non-disclosure" contains the same elements, except that instead of involving a "representation" it involves the concealment of a material fact. Id. at n.12. Plaintiff argues that the defendant has not pled that he believed plaintiff's representations regarding the appraisal and value of the property were true at the time he acted upon those representations. We find that dismissal of the intentional misrepresentation-intentional non-disclosure allegations is appropriate.

The counterclaim asserts that plaintiff failed to disclose the fair market value of the property to defendant. Defendant argues that plaintiff withheld this information intentionally to deceive him as to the true value of property by providing an inaccurate amount for the value in the Confession of Judgment Complaint. Further, the Confession of Judgement Complaint provides a lower credit to the defendant based upon the lower amount provided for the fair market value. Defendant, however, has not alleged reliance on these alleged misrepresentations. Indeed, defendant's answer to the Confession of Judgment complaint denies that the amount provided by plaintiff is the fair market value of the property and that it is, in fact, an

9

extremely low estimate. (Doc. 29, Answer ¶ 17). Thus, having failed to allege "justifiable reliance" and the record indicating that defendant did not rely on the allegations in the Confession of Judgment Complaint, we find that dismissal of the intentional misrepresentation/fraud allegations is appropriate.

**Conclusion**

Based upon the above analysis, we will grant in part and deny in part plaintiff's motion to dismiss Defendant Robert Maynard's counterclaim. The motion will be granted with regard to the UTPCPL claim, the misrepresentation/fraud claims. It will be denied with regard to the breach of contract claim. An appropriate order follows.


**Date: May 17, 2016**            **s/ James M. Munley**
                                  **JUDGE JAMES M. MUNLEY**
                                  **UNITED STATES DISTRICT COURT**